

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. K. McDonald, Commissioner
Department of Agriculture
Austin, Texas

Attention: Mr. V. S. Bussey

Dear Sir:

Opinion No. O-4977
Re: Use by the Department of
Agriculture during the
current biennium of fees
accruing in certain funds.

This is with reference to your recent letter reading in part as follows:

"In the administration of the weights and measures laws of this State, it becomes necessary from time to time for the Inspectors in this Department to purchase samples of commodities to be submitted to our Austin laboratory for inspection and testing. It is also necessary at different times for Inspectors to make purchases of commodities to be used as evidence, and to make try-out purchases of commodities without the knowledge of the seller in order to determine whether or not full weight is being given.

"Item #106 in the Agricultural Departmental Appropriation Bill provides $10,000.00 to cover 'furniture, fixtures, postage, printing, express, telephone, telegraph and contingent' (underscoring ours).

"The special rider on this Appropriation Bill further provides that certain fees collected by the Department after they have been deposited in the State Treasury are appropriated 'for

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL

the payment of additional salaries, equipment, automobiles, traveling expense and other necessary expense incident to the administration of these Acts, ---'. You will please advise whether or not expenditures as described above would be chargeable to either, or both, of these accounts mentioned.

". . . ."

As to whether the items of expense referred to in the first paragraph of your letter may be paid out of Item No. 106 of the Agricultural Department Appropriation Bill (Senate Bill No. 423, Acts 47th Legislature) as "contingent" expenses, you are referred to Opinion No. 0-1332 of this department of August 31, 1939, addressed to the Honorable George H. Sheppard, Comptroller of Public Accounts. With reference to a question similar to the one here being considered, it was said:

"It is thus apparent that where a sum is provided for a particular item of expense, that sum is all that is intended to be available for that item of expense, and may not be supplemented from any source. The limitation applies only to the particular item; that is, a particular typist's salary may not be supplemented from any source, but, if the necessity arises, the department head may (in the absence of such express prohibitions of the type found in the special rider to the Game, Fish & Oyster Commission appropriations, prohibiting the employment of additional salaried employees) hire and pay another typist out of the 'contingent expense' fund.

"In other words, it appears that the Legislature had in contemplation the use of the term 'contingent expense,' in the sense of general items of expense not provided for specifically, rather than incidental or unforeseen items. State v. Kirtz, 144 N. E. 120, 124, 110 Ohio State 332.

Honorable J. E. McDonald, page 3

"Having due regard to the context in which we find the word, the specific authorization for the use of such funds for such purposes, we are impelled to the conclusion that the Legislature has said substantially this:

"'We have attempted, so far as possible, to anticipate every item of expense, which may necessarily be incurred in the operation of your department, but we realize that our judgment as to such matters may be inexact, from the very nature of things, and we therefore appropriate to your department a sum of money generally available for operating expenses of your department, except as otherwise herein specifically limited, to take care of those employments and other expenses not herein specifically provided for, but which may necessarily be required to enable your department properly to function.'"

Under the holding in the above mentioned opinion, and as the items of expense mentioned in your letter are not specifically provided for in the Act nor is payment of such items specifically prohibited, it is the opinion of this department that such items as are mentioned in your letter may be paid out of Item No. 106 of the Agricultural Department Appropriation as "contingent" expenses.

We will next consider whether such expenses as you mentioned may be paid out of the fund created by the special rider to said Appropriation Bill which reads as follows:

"For the fiscal years ending August 31, 1942, and August 31, 1943, all fees and/or unexpended balances which have been received and which may be received by virtue of Chapter 7, Article 133, R. C. S., 1925; Articles 56 to 67 inclusive, R. C. S., 1925, and Chapter 93, Acts of the First Called Session of the 41st Legislature; Article 5764, R. C. S., 1925, Article 5695 R. C. S., 1925, Chapter 287, Acts of the Regular Session 42nd Legislature; Chapter 304,

Honorable J. E. McDonald, page 4

> Acts of the Regular Session of the 41st Legis-
> lature; H. B. No. 12, Acts of the First Called
> Session of the 45th Legislature; H. B. No. 99
> and H. B. No. 557, Acts of the 45th Legisla-
> ture, and as amended by S. B. No. 24, Acts of
> the First Called Session of the 45th Legisla-
> ture; H. B. No. 500, Acts of the Regular Ses-
> sion of the 42nd Legislature, and H. B. No. 888,
> Acts of the 46th Legislature; H. B. No. 623,
> Acts of the Regular Session of the 43rd Legis-
> lature as amended; and any and all amendments
> to these are hereby appropriated, after they
> shall have been deposited in the State Treas-
> ury, for the payment of additional salaries,
> equipment, automobiles, traveling expense and
> other necessary expenses incident to the ad-
> ministration of these Acts, and such fees col-
> lected shall be used for no other purposes."

The special rider quoted above does not purport to make these fees and unexpended balances available to the De-partment of Agriculture generally but restricts the use of such to the administration of the respective acts under which they may accrue.

By way of example, House Bill No. 557, Acts of the 45th Legislature, as amended by Senate Bill No. 24, Acts of the First Called Session of the 45th Legislature (Article 1287-1, Vernon's Annotated Civil Statutes) and listed in the special rider, supra, provides that certain fees must be paid by commission merchants, brokers, agents and dealers in certain agricultural products before engaging in any of the specified activities. The fees thus collected may be used only in the administration of said House Bill No. 557, the Act under which they accrue. If it shall become neces-sary in the administration or enforcement of said House Bill (Article 1287-1) for inspectors in the Department of Agri-culture to make purchases of commodities to be used as evi-dence, then such purchases may be paid for out of the fund into which the fees collected under the particular Act are placed.

We have carefully reviewed all the acts listed in the special rider to the Agriculture Department Appropria-tion Bill, Acts of the 47th Legislature. None of the listed

acts effect what is commonly known as the Texas Weights and Measures Law found in Chapter 7 of the Revised Civil Statutes of Texas of 1925 (Article 5705-5736). It is therefore the opinion of this department that none of the funds appropriated in the special rider to the Agricultural Department Appropriation Bill may be used in the administration of the Weights and Measures Law found in Chapter 7 of the Revised Civil Statutes of Texas of 1925.

                                        Yours very truly

                                    ATTORNEY GENERAL OF TEXAS

                                        E. G. Pharr

                            By

                                        E. G. Pharr
                                        Assistant

EGP:db


APPROVEDAPR 9, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN